UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM RAY BARTON,<br><br>        Petitioner,<br><br>    v.<br><br>JOSIE GASTELO,<br><br>        Respondent. | Case No. 2:21-cv-01933-JDP (HC)<br><br>ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS THAT THE SECOND AMENDED PETITION BE DISMISSED AS TIME-BARRED<br><br>ECF No. 10 |

       Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing his previous petition, ECF No. 1, I found that his claims were time-barred because his conviction was finalized in 1976. ECF No. 9. I gave petitioner an opportunity to amend and to explain why his claims should proceed. He filed two amended petitions, ECF Nos. 8 & 10. The second supersedes the first, but I have considered both. Petitioner has not shown why his time-barred claims should proceed, and I will recommend that his petition be dismissed without leave to amend.

       The second amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response unless it "plainly appears" that the

1  petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019);

2  *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

3        As noted in my previous order, the conviction petitioner is challenging was finalized in

4  1976, ECF No. 10 at 1, and his petition is time-barred. *See Miles v. Prunty*, 187 F.3d 1104, 1105

5  (9th Cir. 1999) (holding that a "prisoner with a state conviction finalized before April 24, 1996 . .

6  . had until April 23, 1997 to file a federal habeas petition"). Time-barred claims may still be

7  reviewed in the rare case where the petitioner presents convincing evidence of his actual

8  innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998). A credible claim of actual

9  innocence requires the petitioner to "support his allegations of constitutional error with new

10 reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness

11 accounts, or critical physical evidence." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Here,

12 however, petitioner argues only that his guilty plea was not voluntary. ECF No. 8 at 3. He has

13 neither alleged any facts nor presented any evidence tending to establish his actual innocence.

14       Accordingly, it is ORDERED that the Clerk of Court is directed to assign a district judge

15 to this action.

16       Further, it is RECOMMENDED that the second amended petition, ECF No. 10, be

17 DISMISSED without leave to amend.

18       These findings and recommendations are submitted to the U.S. District Court Judge

19 presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of

20 Practice for the United States District Court, Eastern District of California. Within fourteen days

21 of service of the findings and recommendations, petitioner may file written objections to the

22 findings and recommendations with the court. That document must be captioned "Objections to

23 Magistrate Judge's Findings and Recommendations." The District Judge will then review the

24 findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   May 16, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2